IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

AARON M. WILSON,

    Petitioner,

v.                                        CASE No. 1:21-cv-141-AW-GRJ

SECRETARY, FLORIDA DEPT.
OF CORRECTIONS,

    Respondent.

_____/

## **REPORT AND RECOMMENDATION**

Petitioner initiated this case by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 30, 2021. ECF No. 1. Despite having been directed to do so on five prior occasions (ECF Nos. 3, 4, 6, 9, 10), Petition has yet to pay the $5.00 habeas corpus filing fee.[1]

Pursuant to N.D. Fla. Loc. R. 5.1(H), "[a] civil action shall not be filed by the clerk until the fee is paid . . . unless the complaint or petition is accompanied by a motion for leave to proceed *in forma pauperis* [IFP]." *Id.* Petitioner's case, therefore, cannot proceed, and he has taken no steps

---

[1] On January 5, 2022, the undersigned denied Petitioner leave to proceed as a pauper because he disclosed that he has a balance of $2,372.01 in his account. ECF No. 9 at 2.

over the past seven months to cure this deficiency.

Petitioner was also cautioned that if he failed to respond to the orders of the court and this case was dismissed, any subsequently filed habeas petition in this Court challenging the same state court judgment may be barred by the one-year limitation period for filing a habeas petition in the federal courts. ECF No. 10 at 3 n.1 (*citing* 28 U.S.C. § 2244(d)(1)). The Court further pointed out that "[a]lthough the one-year period is tolled during the time in which a properly filed application for state post-conviction relief is pending, *see Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the time in which a federal habeas petition is pending does not toll the one-year limitation period." *Id*. (*citing Duncan v. Walker*, 533 U.S. 167 (2001)) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).

The undersigned, therefore, concludes that this case is due to be dismissed for failure to prosecute and failure to comply with court orders.

"[U]nder Federal Rule of Civil Procedure 41(b), a district court may *sua sponte* dismiss a suit for failure to prosecute or failure to comply with

an order." *Brown v. Blackwater River Corr. Facility*, 762 F. App'x 982, 985 (11th Cir. 2019); *see also Foundry v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) (federal courts possess an inherent authority to dismiss a complaint for failure to comply with a court order); *Sheraton Atlanta Hotel*, 618 F. App'x 987, 989-91 (11th Cir. 2015) (affirming dismissal of *pro se* complaint with prejudice for failure to comply with court orders where district court had given plaintiff detailed instructions on how to amend the complaint and plaintiff failed to amend in compliance with the order). While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, is permitted. *See State Exch. Bank v. Hartline,* 693 F.2d 1350, 1352 (11th Cir.1982).

Nevertheless, dismissal is a sanction of last resort that requires findings of "willful delay or conduct" and that "lesser sanctions will not suffice." *Jacobs v. Atlanta Police Dep't*, 685 F. App'x 827, 831 (11th Cir. 2017).  In this case, Petitioner has failed to cure deficiencies the court first pointed out more than seven months ago.  Any sanction short of dismissal will not remedy Petitioner's non-compliance.  Dismissal of this case is

appropriate. *Garrett v. Birmingham Police Dep't*, 769 F. App'x 899, 900-01 (11th Cir. 2019); *Watts v. Ford Motor Co.*, 648 F. App'x 970, 972-73 (11th Cir. 2016).

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to comply with court orders and failure to prosecute.

**IN CHAMBERS** in Gainesville, Florida this 17th day of March 2022.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.